IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| ROBERT W. JOHNSON, | Case No. 23-cv-00391-DKW-WRP |
|---|---|
| Plaintiff, | |
| vs. | **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS, AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**[1] |
| FACEBOOK, *et al.*, | |
| Defendants. | |

Plaintiff Robert Johnson, proceeding *pro se*, brings a renewed application to proceed *in forma pauperis* ("IFP Application").[2] Dkt. No. 7. Johnson asserts claims of identity theft, fraud, constitutional violations, RICO, and due process against twenty-three Defendants, including Russian President Vladimir Putin, social media corporations, and political figures and operatives associated with former President Donald Trump.[3] Dkt. No. 1.

I.   **The IFP Application**

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.
[2] On September 27, 2023, the Court denied without prejudice Johnson's first application to proceed without prepaying fees or costs. Dkt. No. 6.
[3] Although Donald J. Trump is listed as the first Defendant on the civil cover sheet, Dkt. No. 2, Johnson did not include him as a named Defendant in the Complaint. Therefore, Trump is not considered a Defendant in this case. *See* Dkt. No. 1 at 1.

submits an affidavit demonstrating the inability to pay. Though an IFP applicant need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), he or she must "allege poverty with some particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted). The affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

In the IFP Application, Johnson states that he is unemployed and does not receive any pay, wages, or income from any other source. Dkt. No. 7 at 1. Although Johnson does not list any regular monthly expenses, dependents, debts, or financial obligations, he also asserts that he has no money in cash or in a checking or savings account, and owns nothing of value. *Id.* at 2. As such, Johnson's current income falls below the poverty threshold specified in the Department of Health and Human Services' ("HHS") 2023 Poverty Guidelines. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines. Further, Johnson lacks sufficient assets to provide security for the filing fee while still affording the necessities of life. *See Escobedo*, 787 at 1234–36. Accordingly, the Court GRANTS Johnson's IFP Application, Dkt. No. 7.

## II. Screening

When a Plaintiff files an action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), the Court subjects it to mandatory screening and may order the dismissal of any claim it determines "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Though the Court liberally construes a *pro se* Complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court cannot act as counsel for a *pro se* litigant, including by providing the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Johnson brings this action against a bewildering array of seemingly unrelated Defendants, ranging from social media companies to domestic political operatives to a foreign head of state. The Complaint itself, *in its entirety*, reads only as follows:

> Relief Requested:
> $100,000,000.00 for punitive damages; 100% ownership of Defendants Assets & Liquidations; All other Reliefs Just & Proper.

> Statement of Facts:
> All defendants committed identity theft, fraud, U.S. Constitutional Violations, RICO Acts and Due Process violations against Robert W. Johnson.

Dkt. No. 1 at 2.  As could not be more clear, even when liberally construed, Johnson has failed to come close to stating a plausible claim for relief.  Merely asserting conclusory terms such as "identity theft," "fraud," "U.S. Constitutional Violations," "RICO Acts," and "Due Process violations," bereft of any factual support or link to specific Defendants, is not sufficient, particularly when such terms comprise nearly the entire Complaint.  *See Iqbal*, 556 U.S. at 678 (explaining "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Therefore, the Complaint is DISMISSED.

    If Johnson should so choose, he may attempt to remedy this deficiency by filing an amended Complaint.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").  To do so, Johnson must explain to the Court in short, plain statements: (1) the specific basis for the Court's jurisdiction; (2) the constitutional, statutory, or legal rights he believes were violated; (3) the names of the Defendants who violated those rights; (4) each Defendant's precise actions or inactions; (5) when each Defendant acted or failed to act; (6) how each Defendant's actions or inactions are connected to the

alleged violations of Johnson's rights; and (7) the specific injuries that Johnson suffered as a result of Defendants' conduct.  Failure to affirmatively connect each Defendant's conduct with a specific injury Johnson suffered will result in such allegations being dismissed for failure to state a claim.  In other words, mere use of terms such as "identity theft," "fraud," "U.S. Constitutional violations," "RICO Acts," and "Due Process violations," without any link to the specific acts or omissions of named Defendants or to injuries suffered by Johnson, is not sufficient and will result in dismissal without further leave to amend.

## CONCLUSION

Johnson may have until **November 10, 2023** to file an amended Complaint. **The Court cautions Johnson that failure to file an amended Complaint, consistent with the guidance in this order, by November 10, 2023 will result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to serve Johnson with a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

DATED: October 23, 2023 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge