IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>FACEBOOK, *et al.*,<br><br>Defendants. | Case No. 23-cv-00391-DKW-WRP<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND**[1] |

On October 23, 2023, the Court granted *pro se* Plaintiff Robert Johnson's application to proceed *in forma pauperis*, but dismissed with leave to amend his Complaint against twenty-three Defendants[2] because he failed to come close to stating a plausible claim for relief. Dkt. No. 8. In permitting Johnson leave to amend, the Court explicitly instructed him that should he choose to amend his Complaint, he must provide specific factual support showing how each Defendant violated his rights. *Id.* at 4–5.

On November 7, 2023, Johnson filed a "Notice of Default Judgement, Pro Se Corporation, Ethics and Government Act, Judicial Malpractice, Ponzi Schemes,

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

[2] Defendants include: Facebook, Meta, Rudy Giuliani, John Eastman, Mark Meadows, Kenneth Chesebro, Jeffrey Clark, Jenna Ellis, Ray Smith III, Robert Cheeley, Cathleen Latham, Scott Hall, Stephen Lee, Harris Floyd, Trevian Kutti, Sidney Powell, Misty Hampton, Michael Roman, David Shafer, Shaw Still, Vladimir Putin, Twitter, and Meta LLC. Dkt. No. 8.

White Collar Crimes & Election Fraud" ("Notice") in which he requested the Court to initiate various criminal proceedings against Defendants. Dkt. No. 10. Given the nature of this request, the Court construes the Notice as an attempt to amend Johnson's original Complaint, as permitted by the October 23, 2023 Order,[3] and will refer to it as the First Amended Complaint ("FAC") herein.

I.  **Screening**

The Court subjects each civil action filed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) to mandatory screening and may order the dismissal of any claim it determines "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In conducting this evaluation, the Court liberally construes a *pro se* Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a *pro se* litigant, including by providing the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[3] Johnson has filed nothing else since the Court's October 23, 2023 Order, and the time deadline to do so (November 10, 2023) has now long passed.

Here, once again, Johnson fails to provide any factual detail supporting his claims. Rather, the FAC reads *in its entirety*:

> Robert W. Johnson requests the Courts to file RICO ACT CRIMES, Ponzi Schemes, White Collar Crimes and Election Fraud against all Defendants for Pro Se Corporation, Ethics and Government Act and Judicial Malpractice. Robert W. Johnson reserves all rights for prosecutions and exhaustion of administrative remedies.

Dkt. No. 10 at 1. However liberally construed, these two sentences do not come close to stating a plausible claim for relief. Instead, as the Court has already informed Johnson, a Complaint comprised entirely of conclusory terms such as "RICO ACT CRIMES," "Ponzi Schemes," "White Collar Crimes," and "Election Fraud," without any factual support or link to specific Defendants, is not sufficient and will be dismissed. *See* Dkt. No. 8 at 4–5; *Iqbal*, 556 U.S. at 678 (explaining "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Moreover, beyond this general problem, Johnson also lacks standing to initiate, or to request that the Court initiate, criminal charges against Defendants. "Standing to initiate a federal criminal investigation or prosecution lies within the exclusive province and discretion of the United States Department of Justice—not the judiciary and not the private citizenry." *Daniels v. Novant Health, Inc.*, 2023 WL 3434933, at *2 (D. Haw. May 12, 2023) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Cort v. Ash*, 422 U.S. 66, 79–80 (1975)). Accordingly,

although the FAC appears to seek the imposition of criminal charges against Defendants for violations of the RICO Act and other unidentified criminal laws, neither Johnson nor the Court may do so.

In summary, although the October 23, 2023 Order explicitly cautioned Johnson regarding the need to provide factual support and detail to his claims, the FAC both fails to establish standing and state a plausible claim for relief. It is therefore DISMISSED. Moreover, as the Court has already provided Johnson with both guidance and the opportunity to amend his Complaint to state plausible claims for relief, and he has nonetheless come no closer to doing so with the FAC than he did with the original Complaint, dismissal is WITHOUT LEAVE TO AMEND. *See* Dkt. No. 8 at 5 (warning Johnson that further failure to affirmatively support his claims would result in dismissal without leave to amend).

Accordingly, for the reasons set forth herein, this case is DISMISSED. The Clerk is instructed to CLOSE the case.

IT IS SO ORDERED.

DATED: November 30, 2023 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

*Robert W. Johnson vs. Facebook, et al.*; Civil No. 23-00391 DKW-WRP; **ORDER DISMISSING AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND**